<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | Civ. No. 05-5575 (GEB) |
| Plaintiff, | **OPINION** |
| v. |  |
| CAL-TRAN ASSOCIATES, INC., MUGROSE REALTY, INC., and TIGER TOPS REALTY, INC., |  |
| Defendants. |  |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon defendants Cal-Tran Associates, Inc. ("Cal-Tran"), Mugrose Realty, Inc., and Tiger Tops Realty, Inc.'s (collectively "Defendants") motion to dismiss or for a stay of the litigation. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The action was reassigned to the undersigned on November 15, 2006. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Defendants' motion in all respects.

**I.  BACKGROUND**

Plaintiff Hartford Casualty Insurance Company ("Plaintiff" or "Hartford") is a company organized under Indiana law. (Compl. ¶ 6.) Plaintiff filed the present lawsuit on November 28, 2005. It asserts contract claims against Defendants, each of which are alleged to be corporations organized under New Jersey law. (*Id.* ¶¶ 7-9.) The Complaint contains the following allegations concerning the parties.

On or about September 25, 1997, Plaintiff entered a general indemnity agreement with

1

Defendants ("Agreement"). (*Id*. ¶ 11.) The parties entered the Agreement for the purpose of inducing Plaintiff to act as a surety for work that Cal-Tran agreed to perform for the New York City Department of Transportation ("NYC DOT") in replacing certain bridges located in Queens, New York ("Project"). (*Id*. ¶¶ 1, 15.) The Agreement provided that Defendants would indemnify Plaintiff, under specified circumstances, for damages that Plaintiff may incur as the surety for Cal-Tran. (*Id*. ¶ 2.) Protected by the indemnification provisions of the Agreement, Plaintiff issued labor and material payment bonds and performance bonds on Cal-Tran's behalf with respect to the Project. (*Id*. ¶¶ 2, 15.)

Plaintiff alleges that Cal-Tran was terminated from the Project "for cause," and that the NYC DOT demanded that Plaintiff arrange for the completion of the Project pursuant to its performance bond. (*Id*. ¶ 3.) Plaintiff further alleges that it received a number of claims pursuant to the payment bond that it issued for the Project. (*Id*. ¶ 4.) According to Plaintiff, it has already made payments, and may be required to make further payments, to certain suppliers and subcontractors involved with the Project and that Cal-Tran has failed to pay. (*Id*.) Plaintiff alleges that it retained counsel and a consultant to investigate and resolve these claims. (*Id*. ¶ 17.)

## II.    DISCUSSION

### A.    Choice of Law

The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). A court exercising diversity jurisdiction must apply the choice of law rules of the forum state to determine which state's substantive laws apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).

New Jersey choice of law principles require a governmental interest analysis, in which the forum court compares the interests of the states whose laws are potentially involved in the underlying action and determines which state has the greatest interest in having its laws applied.

2

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 348 (D.N.J. 1997) (citing *Gantes v. Kason Corp.*, 145 N.J. 478 (1996)).

Here, Plaintiff seeks indemnification, pursuant to the Agreement, as a surety to Cal-Tran for a construction project occurring in New York. Plaintiff and Cal-Tran entered the Agreement to facilitate the Project, and it was the NYC DOT's claim of default by Cal-Tran of the Project that led to the payments for which Plaintiff seeks indemnification. It appears, then, that New York has the greatest interest in this case. Moreover, none of the parties contest the application of New York state law. The Court will therefore apply New York law in this case.

### B. Defendants' Motion to Dismiss

#### 1. Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, a court "must accept all well pleaded allegations in the complaint as true and view them in the light most favorable to plaintiff." *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.), *cert. denied*, 474 U.S. 935 (1985). The court may dismiss a complaint only if the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

#### 2. Enforcement of Indemnity Agreements Generally

In cases concerning the enforcement of indemnity agreements, New York courts have held that "'the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount . . . .'" *Lee v. T.F. DeMilo Corp.*, 29 A.D.3d 867, 868 (N.Y. App. Div. 2006) (quoting *Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 12 A.D.3d 891, 892 (N.Y. App. Div. 2004)). *See also First Nat'l Ins. Co. v. Joseph R. Wunderlich, Inc.*, 358 F. Supp. 2d 44, 52 (N.D.N.Y. 2004) ("Absent bad faith, fraud or extravagance, the surety is entitled to pay the actual costs incurred in completing the construction

project and then be provided indemnification pursuant to the agreement") (citations omitted); *Int'l Fidelity Ins. Co. v. Spadafina*, 192 A.D.2d 637, 639 (N.Y. App. Div. 1993) ("[c]ourts have upheld the validity of [indemnity agreements] and have ruled that payments made by sureties under such provisions are scrutinized only for good faith and reasonableness as to the amount paid"). "'[T]his rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee.'" *Lee*, 29 A.D.3d at 868 (quoting *Frontier Ins. Co.*, 12 A.D.3d at 892).

"[P]ending litigation to determine whether a contractor defaulted on its contract 'is irrelevant to whether the [surety] properly complied with its obligations as a surety' to the bond's obligee." *U.S. Fidelity & Guaranty Co. v. Sequip Participacoes, S.A.*, 2003 WL 22743430, at *6 (S.D.N.Y. 2003) (quoting *BIB Constr. Co. v. Fireman's Ins. Co. of Newark, N.J.*, 214 A.D.2d 521, 524 (N.Y. App. Div. 1995)). "[W]hile a contractor might ultimately be found to not have defaulted on the guaranteed contract, such a finding would not affect that contractor's obligations under an agreement to indemnify the surety against liability." *Id.* See also *Gen. Acc. Ins. Co. v. Merritt-Meridian Constr. Corp.*, 975 F. Supp. 511, 516 (S.D.N.Y. 1997) (holding that in a lawsuit brought by a surety for indemnification, "[i]t is irrelevant whether [the contractor] was actually liable for the payments claimed by the subcontractors or actually defaulted on their contracts with the owners, so long as [the surety] acted in good faith in making the payments and completing the performance under the construction contracts"); *Spadafina*, 192 A.D.2d at 639 (stating that "it is irrelevant whether [the contractor] was actually liable on the underlying debt to [the subcontractor]"); *Lori-Kay Golf, Inc. v. Lassner*, 460 N.E.2d 1097, 1098 (N.Y. 1984) (stating that "[a]s a general rule, a surety is equitably entitled to full indemnity against the consequences of a principal obligator's default[,] [including] the right to reimbursement for legal fees incurred in defending an action brought against the principal even though it may be groundless").

### 3. Whether Determination of Cal-Tran's Default Is Required

In support of their motion to dismiss, Defendants argue that "the condition precedent giving rise to [Plaintiff's] obligations under the performance bond issued for the City's project [has not yet occurred]." (Defs.' Br. 5.) According to Defendants, "[t]hat condition precedent requires a proper and meritorious determination of default by the City against Cal-Tran on the Project." (*Id.*) Defendants argue that "the issue of whether the City had the contractual authority and acted properly in [determining that Cal-Tran had defaulted] is currently pending [in a separate state action]," and that, absent a finding by the state court that Cal-Tran was in default, Plaintiff has failed to state a claim. (*Id.*)

Contrary to Defendants' argument, however, New York courts have held that "pending litigation to determine whether a contractor defaulted on its contract 'is irrelevant to whether the [surety] properly complied with its obligations as a surety' to the bond's obligee." *Sequip Participacoes*, 2003 WL 22743430, at *6 (quoting *BIB Constr.*, 214 A.D.2d at 524). *See also Merritt-Meridian Constr.*, 975 F. Supp. at 516 ("[i]t is irrelevant whether [the contractor] was actually liable for the payments claimed by the subcontractors or actually defaulted on their contracts with the owners, so long as [the surety] acted in good faith in making the payments and completing the performance under the construction contracts").

In arguing that a finding of Cal-Tran's default is required, Defendants rely primarily on *General Insurance Company of America v. K. Capolino Construction Corp.*, 903 F. Supp. 623 (S.D.N.Y. 1995). The plaintiff in that case was a surety for the defendant contractor for certain construction work that the defendant was hired to perform. *Capolino*, 903 F. Supp. at 624-25. The defendant stopped work before the project was complete, and the plaintiff continued the project. *Id.* at 625. The plaintiff sought indemnification by the defendant for the costs that it incurred, and moved for summary judgment of the defendant's liability. *Id.* at 625-26.

The court denied the motion because it found that there was a genuine dispute of material fact concerning whether the contractor or the owner was the party in default. *Id.* at 627.

5

According to the court, "[t]he performance bonds at issue here state that the surety's obligation arises '[i]f there is no Owner Default.'" *Id.* According to the court, "[the surety] is obligated to complete the contracts only if the [owner] was actually not in default." *Id.*

The Court finds that *Capolino* should not govern this case, for three reasons. First, unlike the bond at issue in *Capolino*, and as Defendants acknowledge, the performance bond in this case does not contain an express term requiring no owner default. (Defs.' Reply Br. 6.) Second, the *Capolino* court was deciding a motion for summary judgment, whereas the present motion is a motion to dismiss. Accepting Plaintiff's allegations as true, and viewing them in the light most favorable to it, the Court finds that Plaintiff has adequately alleged a default by Cal-Tran. (*See* Compl. ¶ 3.) Finally, the Court notes that a subsequent decision by the Appellate Division of the New York Supreme Court has cast doubt over the analysis that the *Capolino* court applied. *See Frontier Ins. Co.*, 12 A.D.3d at 893 (stating that "it is our view that this rule [that a surety who pays a claim that it is not obligated to pay is a volunteer and may not recover from the principal] was misapplied in *Capolino*").

For these reasons, the Court finds that dismissal of Plaintiff's claims on the ground that Cal-Tran's default has not been established would be inappropriate.

### 4. Whether Plaintiff Failed to Adequately Investigate the Claims Made Against It

Defendants also argue that the Court should dismiss Plaintiff's claims because Plaintiff failed to investigate the claims that were made against it pursuant to its performance and payment bonds. According to Defendants, "[Plaintiff] has a duty to properly investigate the claims against the payment bond in order to determine that the claims are just, as required by the terms of the bond." (Defs.' Br. 16.) They argue that "[a]t a minimum, this duty requires [Plaintiff] to consult with Cal-Tran on the question of whether the claims against the bond are valid and just." (*Id.* 16-17.)

Under New York law, however, "payments made by sureties under such provisions are

scrutinized only for good faith and reasonableness as to the amount paid." *Spadafina*, 192 A.D.2d at 639. "Payment is made in good faith if the surety pays the claims 'in the honest belief that it was liable for such claims.'" *Lee*, 29 A.D.3d at 868 (quoting *Maryland Cas. Co. v. Grace*, 54 N.E.2d 362, 364 (N.Y. 1944)). Here, Plaintiff alleges that it entered the Agreement with Defendants and that, protected by the Agreement, Plaintiff acted as a surety with respect to Cal-Tran's work on the Project. (*Id.* ¶¶ 1, 15.) It alleges that the NYC DOT terminated Cal-Tran from the Project "for cause," and that the NYC DOT demanded that Plaintiff arrange for the completion of the Project pursuant to Plaintiff's performance bond. (*Id.* ¶ 3.) Plaintiff also alleges that it has received claims pursuant to the payment bond that it issued for the Project. (*Id.* ¶ 4.) Plaintiff claims that it retained counsel and a consultant to investigate and resolve these claims. (*Id.* ¶ 17.) Accepting these allegations as true, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has adequately stated its claims by alleging facts showing that it acted in good faith in making its payments, and that those payments were reasonable.

For these reasons, Defendants' motion to dismiss should be denied.

### C.  Defendants' Motion for a Stay of the Present Litigation

Defendants argue, in the alternative, that the Court should stay the present litigation pending the state action concerning whether Cal-Tran defaulted with respect to the Project. According to Defendants, "[i]f Cal-Tran is successful on [the issues] that it has raised in the State Litigation, then it follows that the City had no legitimate claims against [Plaintiff]." (Defs.' Br. 14.) As New York courts have explained, however, "pending litigation to determine whether a contractor defaulted on its contract 'is irrelevant to whether the [surety] properly complied with its obligations as a surety' to the bond's obligee." *Sequip Participacoes*, 2003 WL 22743430, at *6 (quoting *BIB Constr. Co.*, 214 A.D.2d at 524). The Court therefore finds that a stay is unwarranted.

**III.    CONCLUSION**

For these reasons, Defendants' motion to dismiss is denied, and their motion for a stay of this litigation is also denied.  An appropriate form of order is filed herewith.


Dated:  December 18, 2006

　s/ Garrett E. Brown, Jr.　  
GARRETT E. BROWN, JR., U.S.D.J.
