<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | Civ. No. 05-5575 (GEB) |
| v. | **OPINION** |
| CAL-TRAN ASSOCIATES, INC., MUGROSE REALTY, INC., and TIGER TOPS REALTY, INC., | |
| Defendants. | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon plaintiff Hartford Casualty Insurance Company's ("Plaintiff" or "Hartford") motion for partial summary judgment. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78. For the reasons set forth below, this Court will deny Plaintiff's motion without prejudice.

**I.     BACKGROUND**

On November 28, 2005, Plaintiff filed the present lawsuit against defendants Cal-Tran Associates, Inc. ("Cal-Tran"), Mugrose Realty, Inc., and Tiger Tops Realty, Inc.'s (collectively "Defendants"). (Compl. ¶¶ 7-9.) It claims that Defendants breached a general indemnity agreement between the parties dated September 25, 1997 ("Agreement"). (*Id.* ¶ 11.) Plaintiff alleges that pursuant to the Agreement, it acted as a surety for work that Cal-Tran agreed to perform for the New York City Department of Transportation in replacing certain bridges located in Queens, New York ("the Project"). (*Id.* ¶¶ 1, 15.) According to Plaintiff, the Agreement

provided that Defendants would indemnify Plaintiff, under specified circumstances, for damages that Plaintiff might incur as the surety for Cal-Tran. (*Id.* ¶ 2.) Plaintiff alleges that Cal-Tran was terminated from the Project "for cause," and that Plaintiff has made payments for the completion of the Project pursuant to its performance bond. (*Id.* ¶¶ 3-4.) Plaintiff now seeks indemnification by Defendants for those payments. (*Id.* at ¶ 5.)

On March 13, 2006, Defendants filed a motion to dismiss Plaintiff's claims. The Court denied that motion on December 18, 2006. On February 23, 2007, Plaintiff filed the present motion for partial summary judgment. It seeks summary judgment with respect to whether Defendants are liable pursuant to the Agreement.

## II.   DISCUSSION

### A.   Standard of Review for Motions for Summary Judgment

In deciding a motion for summary judgment, a court should grant the motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987). In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Enforcement of Indemnity Agreements Pursuant to New York Law

As the Court explained in its decision denying Defendants' motion to dismiss, this contract dispute is governed by New York law. *See Hartford Cas. Ins. Co. v. Cal-Tran Assocs., Inc.*, Civ. No. 05-5575 (GEB), 2006 WL 3733031, at *1-2 (D.N.J. December 18, 2006). In cases concerning the enforcement of indemnity agreements, New York courts have held that "'the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount . . . .'" *Lee v. T.F. DeMilo Corp.*, 29 A.D.3d 867, 868 (N.Y. App. Div. 2006) (quoting *Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 12 A.D.3d 891, 892 (N.Y. App. Div. 2004)). "[P]ending litigation to determine whether a contractor defaulted on its contract 'is irrelevant to whether the [surety] properly complied with its obligations as [a] surety' to the bond's obligee." *U.S. Fidelity & Guar. Co. v. Sequip Participacoes, S.A.*, No. 98 Civ. 3099 (THK), 2003 WL 22743430, at *6 (S.D.N.Y. 2003) (quoting *BIB Constr. Co. v. Fireman's Ins. Co. of Newark, N.J.*, 214 A.D.2d 521, 524 (N.Y. App. Div. 1995)). "[W]hile a contractor might ultimately be found to not have defaulted on the guaranteed contract, such a finding would not affect that contractor's obligations under an agreement to indemnify the surety against liability." *Id.*

### C. Whether Plaintiff's Motion for Partial Summary Judgment Should Be Granted

Plaintiff argues that summary judgment should be entered against Defendants because there is no genuine dispute that Plaintiff "properly investigated the claims under the Payment Bond and made reasonable payments in good faith." (Pl.'s Br. at 19.) Defendants, in contrast, argue that Plaintiff acted in bad faith in making its payments to continue the Project, and that those payments were unreasonably excessive. (Defs.' Br. at 1-4.) They argue that "questions of reasonableness and good faith are fact-intensive," and that resolution of those issues requires completion of discovery. (*Id.* at 2-4.) In its reply brief, Plaintiff argues that summary judgment should be granted because in their opposition, Defendants rely only on an affidavit that "avers in

a conclusory fashion that Hartford did not act in good faith in complying with its obligations under the Performance Bond . . . ." (Pl.'s Reply Br. at 1.) According to Plaintiff, Defendants "make irrelevant, conclusory arguments, unsupported by any evidence, in an attempt to avoid their indemnity obligations to Hartford." (*Id.* at 2.)

The Court agrees with Defendants that Plaintiff's motion should be denied as premature because the parties have not yet completed discovery. In the amended scheduling order dated May 11, 2007, the Court ordered that fact discovery continue until September 1, 2007, that Plaintiff's expert report be served by October 1, 2007, and that Defendants' expert report be served by November 1, 2007. Although Plaintiff argues that Defendants fail to identify facts demonstrating bad faith, that argument is unpersuasive because Defendants have not yet had the opportunity to complete discovery in this case. The Court will therefore deny Plaintiff's motion, and permit it to re-file the motion after the close of discovery.

**III.   CONCLUSION**

For these reasons, Plaintiff's motion is denied without prejudice. An appropriate form of order is filed herewith.


Dated:  May 24, 2007

                                                s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.